(No. 5209— )

WILLIAM BENDER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed August 16, 1967.*

Petition of Claimant for rehearing denied August 14, 1968.

D. A. McGRADY, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

Pezman, J.

This action is brought against the State of Illinois for damages under Sec. 8C of the Act creating the Court of Claims, which provides that the Court of Claims shall have jurisdiction to hear and determine:

All claims against the State for time unjustly served in prisons of this State where the persons imprisoned prove their innocence of the crime for which they were imprisoned; provided, the Court shall make no award in excess of the following amounts: For imprisonment of 5 years or less, not more than $15,000.00; for imprisonment of 14 years or less but over 5 years, not more than $30,000.00; for imprisonment of over 14 years, not more than $35,000.00; and provided further, the Court shall fix attorney's fees not to exceed 25% of the award granted.

William Bender, claimant, was arrested and charged together with Robert W. Richards, of committing the crime of armed robbery of a tavern in Carlinville, Illinois, on May 7, 1954. Bender pleaded "Not Guilty" to the charge, and after a trial was found guilty by a jury on September 9, 1954. On September 15, 1954, Bender was sentenced to the Illinois State Penitentiary for the duration of his natural life.

On October 17, 1960, the Supreme Court of the State of Illinois reversed the conviction, and remanded the cause. On January 28, 1961, the defendant-claimant, William Bender, was again convicted upon trial for the crime of armed robbery as charged, and was sentenced to the

Illinois State Penitentiary for a term of not less than three years nor more than twenty-five years. On March 23, 1962, the Supreme Court of the State of Illinois again reversed the conviction, and remanded the cause to the Circuit Court of Macoupin County, Illinois. On May 17, 1963, Bender made bond, and was released from custody having been imprisoned in various jails and penitentiaries in the State of Illinois since May 10, 1954. The charge of armed robbery was dismissed by the State of Illinois in December, 1964.

The question to be decided in this case is whether claimant has carried the burden of proving and establishing his innocence of the crime of which he was charged, and for which he was imprisoned. At the original trial on the charge of armed robbery, Richards testified for the State, and named Bender as the person who committed the crime using an automobile and gun, which were owned by Richards, and loaned to Bender for the robbery. Bender claims that the testimony of Richards is false.

Bender testified in the cause before this Court that on the night of the robbery he had borrowed a 1952 Chrysler automobile belonging either to Robert W. Richards or to Richards' wife, and, while driving around the City of Springfield, Illinois, between 10:00 P.M. and 11:00 P.M., was involved in a one car accident at 14th or 15th and Madison Streets at the railroad crossing. He stated that he left the scene of the accident without reporting it to the police, and did not have his injuries treated in Springfield because he was on parole, and did not want to get in trouble with his parole officer for driving an automobile in violation of the terms of his parole. He further testified that he then returned the keys to the car to Vivian Richards at the Gay Nineties tavern, and told her about

the accident. He then went to his brother's home, and he, his brother, and his brother's wife drove to Peoria, Illinois, where they got a room at the Andre Hotel. They drove to a hospital in Peoria where the cut on the right side of Bender's face was treated requiring 96 sutures. Bender did not give his correct name at the hospital. On May 10, 1954, Bender was arrested in a room in the Andre Hotel, Peoria, Illinois, in the company of one Peggy Lee Baird.

It should be noted that Bender did not contend at either of his two trials on the armed robbery charge that at the time the crime was committed he was driving a borrowed car around the City of Springfield, Illinois, and that he wrecked the car in Springfield, Illinois, causing the injury to his face.

Claimant did not produce a single witness to corroborate his story, although it would appear from his testimony that his brother, his brother's wife, Vivian Richards, or Peggy Lee Baird could have helped him in this regard. The evidence in this case discloses that the Springfield, Illinois, police records show no indication of an accident having occurred as described by claimant.

In *Munroe* vs. *State of Illinois,* Case No. 4913, this Court said that one of the primary issues to determine in a case brought under Sec. 8C of the Court of Claims Act was whether claimant was innocent of the crime for which he was imprisoned. The burden is on claimant to prove by a preponderance of the evidence that the act for which he was wrongfully imprisoned was not committed by him.

In the case of *Jonnia Dirkans* vs. *State of Illinois,* Case No. 4904, this Court held that claimant must prove his innocence of the "fact" of the crime.

It is the opinion of this Court that in view of the evidence in this case, and in view of the fact that claimant has failed to produce even one witness to corroborate his testimony as to his innocence of the crime with which he was charged, claimant has totally failed to carry the burden of proving by a preponderance of the evidence that the act for which he was imprisoned was not in fact committed by him.

The claim is hereby denied.

*Opinion on Rehearing*

This cause coming on to be heard upon the petition of claimant for rehearing, and the Court having examined said petition and the file in said cause of action finds that claimant has failed to adequately allege those points, which were purported to have been overlooked or misapprehended by the Court.

The cause at hand was brought under Section 8C of the Court of Claims Act, which states as follows:

All claims against the State for time unjustly served in prisons of this State where the persons imprisoned prove their innocence of the crime for which they were imprisoned; provided, the Court shall make no award in excess of the following amounts: For imprisonment of 5 years or less, not more that $15,000.00; for imprisonment of 14 years or less but over 5 years, not more than $30,000.00; for imprisonment of over 14 years, not more than $35,000.00; and provided further, the Court shall fix attorney's fees not to exceed 25% of the award granted.

This is not a trial de novo of the guilt or innocence of claimant, but a hearing in which claimant must prove his innocence of the crime of which he was charged in the original criminal case in the lower Court by a preponderance of the evidence. This interpretation of Sec. 8C of the Court of Claims Act, and the proof required have been followed by the Court of Claims since the passage of Sec. 8C by the legislature. *Roland Munroe, Jr.* vs.

*State of Illinois,* No. 4913; *Jonnia Dirkans* vs. *State of Illinois,* No. 4904; *Henry Napue* vs. *State of Illinois,* No. 4912.

Claimant's petition for rehearing alleges that the Court has failed to consider the presumption of innocence that has never been overcome in claimant's case, as there is no legal conviction, and that by dismissing charges the State has conceded to the innocence rather than the guilt of claimant. This Court finds that claimant has confused two separate forums and two separate theories of law. The original forum wherein the claimant was tried for an alleged crime, and wherein the claimant must have been proven guilty beyond all reasonable doubt, and the Court of Claims wherein claimant seeks to recover against the State under Sec. 8C of the Court of Claims Act. There is no legal relationship between the finding of the Supreme Court as to whether or not the civil rights of claimant were violated, and the finding of the Court of Claims wherein claimant seeks recourse under a statutory provision in a semi-judicial forum, which was created by the legislature for the purpose of hearing those causes of action against the State of Illinois that are constitutionally prohibited in normal courts of law. In this latter forum, rules of evidence and procedure and elements of proof are of a special nature often dissimilar to those rules prescribed in a Court of criminal jurisdiction.

This Court affirms its previous determination in the hearing of this cause, and finds that claimant has failed to allege any points of law or fact that had been overlooked or misappreprended by the Court. Claimant's petition for rehearing is denied.